IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.                                          Criminal Action No. **3:15CR71**

**ANDREW LEE GRANT,**

Petitioner.

## MEMORANDUM OPINION

Andrew Lee Grant, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 41). Grant demands relief upon the following grounds:

| | |
|---|---|
| Claim One | "Counsel was ineffective for failing to adequately investigate and/or object to petitioner's career offender status." (§ 2255 Mot. 1.) |
| Claim Two | "Due to an erroneous application of the career offender provision, the petitioner was sentenced to a career offender enhancement which constitutes a fundamental miscarriage of justice, and a constitutional violation of due process rights." (*Id.*) |
| Claim Three | Virginia's drug statute, § 18.2-248, "criminalizes a greater swath of conduct of conduct than the elements of the relevant (guideline) offense," and thus, Grant's prior Virginia drug convictions cannot serve as predicates for his career offender designation. (*Id.* at 8.) |

As explained below, because the Court properly classified Grant as a career offender, his claims lack merit and will be DISMISSED.[1] The Court will also deny his *pro se* letter motion in which he "ask[s] for an attorney to file a motion under the First Step Act." (ECF No. 48.)

### I. Pertinent Factual and Procedural History

On July 14, 2015, Grant pled guilty to distribution of heroin. (ECF No. 14, at 1.) At sentencing, Grant was determined to be a career offender based, in part, on his prior convictions

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and quotations from Grant's submissions.

in the Circuit Court for City of Richmond of Possession of Schedule III Drug with Intent to Distribute and Distribution of Cocaine. (ECF No. 19 ¶¶ 26, 59, 60.) In light of this designation, after an adjustment for acceptance of responsibility, Grant had a Total Offense Level of 29 and was a Criminal History Category of VI, resulting in an advisory guideline range of 151 to 188 months. (*Id.* ¶¶ 130, 131.) At sentencing, United States District Judge James R. Spencer noted that the career offender designation inordinately skewed Grant's sentencing range and sentenced him to 120 months of imprisonment.[2] (ECF No. 32, at 12–13.)

## II. Analysis

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

---

[2] Bureau of Prisons records indicate that Grant is scheduled for release on February 4, 2024. *See* Fed. Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 85626-083) (last visited April 13, 2020).

2

In Claim One, Grant contends that counsel performed deficiently by failing to challenge whether he had two predicate drug offenses to qualify him as a career offender.

> A defendant is a "career offender" under the Guidelines if, inter alia, he has two prior felony convictions for "a controlled substance offense." *See* USSG § 4B1.1(a). The Guidelines define "a controlled substance offense" as any offense, punishable by more than one year in prison, under federal or state law "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *See id.* § 4B1.2(b).

*United States v. Cheeseboro*, 757 F. App'x 224, 226–27 (4th Cir. 2018). In conjunction with Claim One, Grant fails to offer a coherent explanation as to why his Virginia drug distribution convictions fail to qualify as felony, controlled substance offenses. However, in conjunction with Claim Three, Grant articulates his challenge. Specifically, Grant argues that, under section 18.2-248 of the Virginia Code,[3] "the offense of knowingly delivering a controlled substance is broader than the Guidelines' definition of a controlled substance offense, because [] Virginia's law's offense criminalizes an offer to sell or give. The federal definition does not include such an offense." (ECF No. 41, at 7–8.)

Grant's "argument that the Commonwealth's definition of 'controlled substance offense' in Virginia Code § 18.2-248 is broader than the generic definition under the Federal Sentencing Guidelines is erroneous." *United States v. Jones*, No. 7:16–cr–00004, 2019 WL 6497431, at *4 (W.D. Va. Dec. 3, 2019). As the United States District Court for the Western District of Virginia explained, selling drugs or giving them away for free fits within the meaning of "controlled substance offense" for career offender purposes because it involves an intent to distribute:

---

[3] That statute provides, in pertinent part, that, "[e]xcept as authorized in the Drug Control Act (§ 54.1–3400 et seq.), it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." Va. Code § 18.2–248(A).

3

> Giving drugs away for no remuneration and offering to sell drugs fall well within the scope of the Guidelines' definition of a "controlled substance offense." Section 4B1.2(b) reads:
>> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, *distribution*, or dispending of a controlled substance . . . or the possession of a controlled substance . . . *with intent to* manufacture, import, export, *distribute*, or dispense.
>
> (emphasis added). There is ample case law to support the proposition that "sharing drugs with another constitutes distribution." *See, e.g., United States v. Washington*, 41 F.3d 917, 919 (4th Cir. 1994) (concluding that Washington's plan to share his cocaine with a friend "is sufficient for a court to find that he possessed drugs with intent to distribute"); *United States v. Cormier*, 468 F.3d 63, 70 n.3 (1st Cir. 2006) ("It is well accepted that drugs may be distributed by giving them away for free; 21 U.S.C. § 841(a)(1) imposes no requirement that a sale take place."). Thus, the state statute under which [the defendant] was previously convicted does not "criminalize[] a broader swath of conduct than the relevant generic crime."

*Id.* (alteration in original) (omissions in original) (quoting *Descamps v. United States*, 570 U.S. 254, 258 (2013)). Moreover, courts in Virginia have "consistently recognize[d] that prior convictions for distribution of cocaine and possession with intent to distribute cocaine are controlled substance offenses for purposes of the Guidelines' career offender enhancement." *Id.* at *5 (citing *United States v. Bailey*, Nos. 7:15cr00010-01, 7:17cv81234, 2017 WL 6391487, at *3 (W.D. Va. Dec. 14, 2017); *Long v. United States*, Nos. 2:15cr161, 2:17cv219, 2017 WL 4799798, at *4 (E.D. Va. Oct. 23, 2017); *United States v. Jones*, No. 3:13cr13, 2016 WL 6997024, at *4 (E.D. Va. Nov. 29, 2016)).

Because Grant was properly classified as a career offender, he fails to demonstrate deficiency of counsel or prejudice. Claim One will be DISMISSED. Grant's similar arguments in Claim Two and Three, that his Virginia drug convictions should not have been used to classify him as a career offender, also lack merit. Accordingly, Claims Two and Three will be DISMISSED.

Additionally, Grant filed a motion asking the Court to appoint him an attorney to pursue relief under the First Step Act. The Court presumes that Grant believes Section 404 of the First Step Act may afford him relief because he committed a drug offense.

Section 404 of the First Step Act imposes three eligibility requirements. To qualify for consideration for relief under that section, a defendant must show that he or she (1) committed a covered offense before August 3, 2010; (2) did not have his or her sentence imposed or reduced under sections 2 or 3 of the Fair Sentencing Act of 2010; and, (3) did not file a previous motion under § 404 of the First Step Act that that Court decided on the merits. *See United States v. Hardnett*, No. 3:03CR212, 2019 WL 5445887, at *6 n.7 (E.D. Va. Oct. 24, 2019) (quoting First Step Act statute and limitations contained therein). Because Section 404 of the First Step Act applies to certain drug offenses involving crack cocaine that occurred prior to 2010, and the 2014 conduct underlying Grant's conviction involved only the distribution of heroin, the Court will deny his motion. (ECF No. 48.)

### III. Conclusion

Grant's claims and the action will be DISMISSED. The § 2255 Motion (ECF No. 41) and the motion requesting counsel to pursue First Step Act relief (ECF No. 48) will be DENIED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Grant has not satisfied this standard. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: April 13, 2020
Richmond, Virginia